Pee CüRIAM.
 

 This is an action of slander brought by M‘Adams against Reney. The declaration commences in the usual form, and charges that the defendant did falsely and maliciously publish and speak of and concerning * the plaintiff the following false, scandalous, and malicious words, to wit: John M‘Adams stole Thomas Graves’s dollar. Secondly, he (meaning the plaintiff) took up your dollar (meaning Thomas Graves’s dollar), turned his face from the company, and put it in his purse (meaning thereby that the plaintiff stole Thomas Graves’s dollar). Thirdly, falsely and maliciously spoke the following false, scandalous and malicious words, to wit: John M‘Adams took Thomas Graves’s dollar and put it in his pocket (meaning thereby that the plaintiff was guilty of larceny).. Fourthly, falsely and maliciously spoke the following false, scandalous, and malicious words, to wit: John M‘Adams took Thomas Graves’s dollar off the table and put it in his purse.
 

 The defendant pleaded not guilty, justification, and the statute of limitations. The cause was heard June term, 1816. “The jury on oath say, they find said defendant not guilty of the charge in manner and form as set forth in the first count in the plaintiff’s declaration. And the jurors aforesaid .do further say they find the defendant guilty of speaking the words, specified in the second, third, and fourth counts in said declaration, and that said defendant was not justified, as, in replying, said plaintiff hath alleged, and assess his damages to $100 besides his costs.”
 

 The defendant moved an arrest of judgment because, first, the words charged in the second, third, and fourth counts are not actionable; secondly, there is no
 
 colloquium
 
 to which the words charged to have been spoken can refer.
 

 The court ordered the judgment to be arrested, and the plaintiff prayed a writ of error to this court.
 

 The words laid in this declaration are stated to have been maliciously and publicly spoken with intent to defame and injure the plaintiff below. The words themselves are to be understood in
 
 *473
 
 their common * and usual acceptation, and as those to whom they were addressed understood them. We adopt the reasoning which the court unanimously went -upon in Oowp. 278, where, upon not guilty pleaded, the jury found a general verdict for the plaintiff, with ¿6500 damages. They cited and relied upon the case of Ward against Reynolds, in which case the court held the words to he actionable because, by the whole frame of them, they were spoken by way of imputation. Lord Chief Justice Parker said: “ It is very odd, that, after a verdict, a court of justice should he trying whether there may not be a possible case in which words spoken by way of scandal might not be innocently
 
 said;
 
 whereas, if that were in truth the case, the defendant might have justified, or the verdict would have been otherwise. If innocently spoken, said the court in the case reported by Cowper, the jury might have found a verdict for the defendant, but they have put a contrary construction upon the words as laid. Now apply the doctrine here laid down to the present case, and what is the consequence ? If the verdict find the defendant below guilty
 
 generally,
 
 it establishes the fact that the words were spoken as laid in the declaration,
 
 maliciously
 
 and with intent to defame. It also fixes upon them not the milder sense in which they might have been spoken, but the worse one, importing the crime of larceny. “ He took M‘Adams’s dollar, and turned from the company and put it in his purse,” might mean an innocent taking, or might mean what they in common parlance import, taking it thievishly. The jury have fixed upon them the latter sense. They are, therefore, defamatory and injurious. And after all this is established by a solemn trial, and the jury have been so well convinced both of the intent to defame and of the enormous iniquity of the charge, as to assess |100 damages, shall the court say still he shall not be recompensed, but be turned out of court * with all the costs of the suit. We cannot think so, either upon the ground of authority or justice. Still, however, it is doubtful whether the verdict in the present case meant to find the defendant guilty
 
 generally.
 
 It is expressed in this form: “ Not guilty of the charge in the manner and form as set forth in the first count; and the jurors aforesaid do further say they find said defendant guilty of speaking the words specified in the second, third, and fourth counts in said declaration, and that said defendant was not justified, as, in re
 
 *474
 
 plying, said plaintiff hath alleged, and assess his damages, &c.” Whether they meant to say guilty of speaking these words maliciously, as a verdict of guilty generally would have implied, is not stated, and is only to he inferred from the amount of damages, which is too uncertain a ground for the court to act on; for it may be they intended only to inform the court that the words were spoken, without meaning to say further that they were maliciously spoken. For this material omission, and on account of the particular and unusual wording of the verdict, it seems to be imperfect. And the defect ought to be remedied by a
 
 venire de novo,
 
 which a court for the correction of errors may undoubtedly direct. Cowp. Rep. 89; 2 Stra. 1055, 1051; 1 Ter. 161; 2 Ter. 125; 2 Doug. 730, 731.
 

 Reverse the judgment of the Circuit Court and remand the cause to be tried
 
 de novo,
 
 to the end the verdict may state whether the words in any count and which count were spoken maliciously, and with the intent ascribed to them in the declaration.
 

 See
 
 Magee
 
 v.
 
 Stark,
 
 1 Hum. 506;
 
 Watson
 
 v. Nicholas, 6 Hum. 174; King’s Digest, 10,953
 
 et seq.